DECISION OF DISMISSAL
This matter is before the court on its own motion to dismiss Plaintiffs' appeal as it is contrary to law. The court addressed the appeal with the parties May 4, 2009, at the case management hearing conference.
Plaintiffs, by their Complaint, seek a redetermination of the maximum assessed value (MAV) of Account R279398 for the 2008-09 tax year, based on an adjustment to the 1998-99 real market value (RMV) to correspond to the previous owner's purchase price of $239,950, which when multiplied by the ratio provided in ORS 308.153 determines MAV for new property.
The subject property was completed in 1997 or early 1998. The original owner purchased the property in 1998 for $239,950. Defendant valued the property as partially complete for the 1997-98 tax year (with a July 1, 1997, assessment date[1]), and originally neglected to add the value attributable to the completed portion of the structure for the 1998-99 tax year. That error was caught in 2000 and corrected as part of an omitted property assessment. The corrected values generated by the omitted property assessment for tax year 1998-99 were an RMV of $279,800, and an MAV and assessed value (AV) of $204,350. *Page 2 
Plaintiffs purchased the property in May or June 2000 for $325,000. Shortly after the purchase, they received the omitted property assessment correction notice from Defendant dated June 7, 2000. The notice reflected the changes in value. (Ptfs' Compl at 5.) Plaintiffs' concern is that the total corrected RMV of $279,800 for the 1998-99 tax year (the first year the home was completed), is approximately $40,000 above the 1998 purchase price, and that that error has generated an incorrect MAV for subsequent years up to, and including, tax year 2008-09.
Plaintiffs' theory is to have the RMV corrected (for calculation purposes only) to match the 1998 purchase price of $239,950, to which would be applied the applicable ratio of average MAV over average RMV, per ORS 308.153. The resulting "correct," market-based MAV would be trended forward at the statutory rate of three percent per year (provided in ORS 308.146(1))[2] to the 2008-09 tax year, generating an MAV of considerably less than the current $274,560 MAV on the tax rolls.[3]
The court explained during the May 4, 2009, proceeding that Plaintiffs' approach was contrary to law because, once the value was established for the base year (1998-99 in this case), the MAV is, by statute and state constitution, increased three percent each year. ORS 308.146(1); Or Const, Art XI, § 11(1)(b). ORS 308.146(1) has contained the annual three percent increase since the Oregon voters approved ballot Measure 50 in May 1997.[4] Plaintiffs appealed the 2008-09 tax year. The MAV for that year was simply indexed three *Page 3 
percent over the prior year, as provided by law and explained above. The court has no legal authority to go back and change the 1998 (base year) MAV, and, under the facts of this case, the court has no legal basis for adjusting Plaintiffs' MAV for tax year 2008-09, or any other year within its reach. The time to challenge the corrected values was back in 2000 when the omitted property assessment was issued.
Plaintiffs complained about errors in the description of their property, including square footage. In response, Defendant agreed to consider the matter under ORS 311.234(2) (allowing the assessor to change the MAV for the current tax year based on "a demonstrated difference between the actual square footage of the property * * * and the square footage of the property as shown in the records of the assessor for the tax year.")[5] The court offers no opinion on the merits or propriety of such an adjustment; only that, in an appropriate case, adjustments to MAV are statutorily authorized under the cited provision. Now, therefore, *Page 4 
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of May 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on May 27, 2009.The Court filed and entered this document on May 27, 2009.
[1] The assessment date under 1995 law, which governed in 1997, provided for a July 1 assessment date. ORS 308.210(1) (1995). The statute was amended by the legislature in 1997 to provide for a January 1 annual assessment date. Or Laws 1997, ch 541, § 154. January 1 continues to be the annual assessment date.
[2] All references to the Revised Oregon Statutes (ORS) are to 2007.
[3] Plaintiffs did not provide the resulting number, but assert that the starting point (1998-99 MAV/AV) would be $179,150 (reduced from $204,350). By the court's calculation, the new MAV for 2008-09 (based on annual three percent increase is) would be $240,763 compared to the present amount on the rolls of $274,560.
[4] Article XI, section 11 of the Oregon Constitution was adopted by the people at a special election held in May 1997. The new section 11 imposed a MAV on each property initially measured (for the 1997-08 tax year) by the property's 1995 RMV, less ten percent. Or Const, Art XI, § 11(1)(a). It also limited the tax rates that could be imposed by taxing districts. Paragraph (1)(b) of Article 11, section 11, provides: "[f]or tax years beginning after July 1, 1997, the property's maximum assessed value shall not increase by more than three percent from the previous tax year."
[5] The applicable administrative rule, OAR 150-311.234, provides the following guidance as to the procedure to be followed:
 "(1) For Purposes of OAR 150-311.234, "Current RMV," as used in subsection (4)(b), is defined as the RMV for the tax year of the petition. For example, a petition submitted in August 2002 will use the roll values for the 2002-2003 tax year to calculate the adjustment.
 "(2) The assessor may correct the maximum assessed value of the property as provided under ORS 311.234(2). To correct the maximum assessed value (MAV) of a property for an error in square footage, the assessor must receive a petition from either the current owner of the property or other person obligated to pay taxes imposed on the property. The petition must be filed with the county assessor on or before December 31 of the current tax year on a form prescribed by the department.
 "(3) The correction to MAV by the assessor must be in proportion to the error in square footage. *Page 1